# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE HOOD,<br><br>Defendant. | Case No. 1:17-cr-00040-DAD-BAM<br><br>**ORDER RE LIMITED APPOINTMENT OF INVESTIGATOR**<br><br>(Doc. No. 99) |

This matter is before the Court on the motion for appointment of an investigator and paralegal filed by Defendant Leslie Hood ("Defendant"), proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975). The United States did not file an opposition or response to Defendant's motion and did not argue in opposition to the motion at the hearings held on July 31, 2019, and August 12, 2019.

Having considered Defendant's motion, the lack of opposition to the motion, the arguments at the hearings on the motion, and the record in this matter, the motion is GRANTED IN PART and the Court will order a limited appointment of an investigator as follows.

**I.     Background**

On May 29, 2018, Defendant filed motions requesting appointment of a paralegal and an investigator to assist him in the preparation of his defense. (Doc. Nos. 70, 71.) Defendant's motions failed to demonstrate why appointment of a paralegal or investigator was necessary for any defense and the Court accordingly denied Defendant's motions at a hearing on July 10, 2018. (Doc. No. 79.) However, the Court advised Defendant that it would entertain a further motion

1

for appointment of an investigator should he pinpoint why one was needed. (*Id.*)

On July 9, 2019, Defendant filed a motion seeking reconsideration of his prior motions requesting appointment of a paralegal and an investigator. (Doc. No. 99.) On July 31, 2019, the Court held a hearing on the motion and, following oral argument, tentatively approved appointment of an investigator and paralegal subject to Defendant providing a detailed scope of proposed work for each and estimated time required to perform the work. (Doc. No. 100.) Defendant subsequently submitted a document describing the proposed scope of work for an investigator and paralegal as well as an estimate of time required to perform the work. The Court held a further hearing on the motion on August 12, 2019 and ordered Defendant's proposed scope of work and time estimate to be filed under seal.

**II.     Discussion**

The Criminal Justice Act ("CJA") provides that courts may "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "Representation" includes …. "counsel and investigative, expert, and other services necessary for adequate representation." *Id.* Courts shall authorize investigative, expert and other services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them . . . ." 18 U.S.C. § 3006(A)(e). A *pro se* criminal defendant does not have an automatic entitlement to the appointment of an investigator or paralegal to assist in the defense of pending criminal charges and must demonstrate with specificity the reasons why such services are required. 18 U.S.C. § 3006(A)(e); *see also United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) ("When requesting investigative services, a defendant must show specifically the reasons why the services are necessary."); *United States v. Rodriguez–Lara*, 421 F.3d 932, 940 (9th Cir. 2005), overruled on other grounds by *United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014); *United States v. Nelson,* 137 F.3d 1094, 1101 n.2 (9th Cir. 1998)*; see also United States v. Cole*, 2015 WL 5178425, at *3 (E.D. Cal. Aug. 28, 2015) (declining pro se criminal defendant's request for investigator where defendant failed to show that the requested services were necessary for adequate representation).

Here, the motion requests the assistance of an investigator and paralegal in order to interview witnesses Ellis Mashburn, an inmate incarcerated in an Alabama state correctional facility, co-defendants Richard Ormond and Sharon Aycock, a FedEx Shipping Center Manager, and "other witness[es] the Government [will] introduce as evidence" as well as assisting Defendant in locating other evidence necessary for trial. (Doc. No. 99.) Based upon the financial affidavit submitted by Defendant on March 8, 2017, the Court finds that Defendant is financially unable to independently obtain the services of an investigator or paralegal and the Court may therefore furnish such representation under the CJA. (*See* Doc. No. 13.) Moreover, in light of Defendant's *pro se* status as well as the motion and the document filed by Defendant under seal identifying the proposed scope of work and estimated time for completion, the Court finds that Defendant has adequately demonstrated that it is necessary at this time to appoint an investigator only for a limited purpose.

The purpose of the appointment shall be limited to the investigator meeting with Defendant to determine the scope of any investigation and to provide the Court with information regarding the investigator's hourly rate, as well as an estimate of the number of hours necessary to accomplish the proposed investigation. Following the meeting, the Court anticipates that the proposed scope of investigation will expand to include an interview with inmate Mashburn (via telephone only at this time), interview(s) with co-defendant Richard Ormond, interview(s) with co-defendant Sharon Aycock, and an interview with a FedEx Shipping Center Manager. As the Court advised Defendant at the hearing on August 12, 2019, the maximum amount that may be expended on any investigation is a total of $2,600.00 and the need for follow-up work should be considered in determining the proposed scope of work. Additionally, Defendant is cautioned that any proposed scope of work which includes travel to conduct witness interviews out-of-state will be looked upon with disfavor.

**III.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED

1.      Defendant's request for appointment of an investigator and paralegal is GRANTED IN PART AND DENIED IN PART;

3

2.	An investigator is appointed only for the limited purpose of meeting with Defendant to determine the scope of any proposed investigation (as outlined above) and to provide information to the Court regarding the investigator's hourly rate, as well as an estimate of the number of hours necessary to accomplish the proposed scope of investigation (i.e., the interviews);

3.	The meeting with Defendant to determine the proposed scope of investigation is limited to a maximum of 2.5 hours; and

4.	The Clerk of the Court is directed to serve a copy of this order on the Federal Defender's Office, Connie Garcia, CJA Panel Administrator, who will coordinate the investigator services.

IT IS SO ORDERED.

Dated:   **August 14, 2019**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE