UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE HOOD,<br><br>Defendant. | No. 1:17-cr-00040-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS<br><br>(Doc. No. 116, 117) |

This matter is before the court on motions to suppress evidence brought by defendant Leslie Hood, who is proceeding pro se in this criminal prosecution. (Doc. Nos. 116, 117.) A hearing on those motions was held on January 15, 2020, at which time the motions were taken under submission for decision. Assistant United States Attorney Vincenza Rabenn appeared at the hearing on behalf of the United States and defendant Leslie Hood appeared on his own behalf along with his standby counsel, attorney Michael Berdinella. Having reviewed the parties' briefing and heard their arguments and for the reasons explained below, defendant Hood's motions to suppress will be denied.

**BACKGROUND**

On February 23, 2017, the grand jury for the Eastern District of California returned an indictment in this action charging defendant Hood in three counts with: Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841, 846

1

(Count One); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841 (Count Three); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b) (Count Six). These charges stemmed from evidence discovered by law enforcement as a result of a long-term investigation that included the use of two court authorized wiretaps under Title III of the Omnibus Crime Control and Safe Street Act of 1968. *See* 18 U.S.C. § 2518. One of those wiretaps was obtained from this court and the other was obtained from the U.S. District Court for the Northern District of Alabama. According to the government, defendant Hood was first intercepted on the Alabama wiretap on March 22, 2016; was first observed as a result of surveillance in this area on June 16, 2016 dropping off parcels at Federal Express which were found to contain children's toys stuffed with methamphetamine; and was arrested by authorities on March 8, 2017 in possession of 54.2 grams of methamphetamine which had to be removed from his body at a hospital. (Doc. No. 122.)

Defendant Hood first moves to suppress all evidence seized by Fresno County Sheriff Officers on February 12, 2015, from a Federal Express shipping center located in Clovis, CA. (Doc. No. 116.) Specifically, defendant Hood argues that, on that date in 2015, officers conducted a warrantless search of packages[1] at the shipping center by employing a narcotics sniffing dog without probable cause to do so. (*Id*. at 3.) In his second motion defendant Hood moves for an evidentiary hearing under the decision in *Franks v. Delaware*, 438 U.S. 154 (1978) and to ultimately suppress all evidence obtained pursuant to the Alabama wiretap for the phone subscribed in the name of Thillit Maples. (Doc. No. 117.) Below, the court will address both motions in turn.

## DISCUSSION

**A.     Motion to Suppress Fruits of the February 12, 2015 Federal Express Parcel Seizures**

Defendant Hood's motion to suppress evidence seized pursuant to what he claims were unlawful parcel seizures on February 12, 2015 is difficult to decipher. (Doc. No. 116.) It appears

---

[1] According to the records relating to at least three of the four parcels, they were shipped by individuals other than defendant Hood from Fresno to individuals other than defendant Hood at three different addresses in Alabama. (Doc. No. 116 at 2.)

2

that defendant Hood for some unexplained reason identifies the search of these packages headed from the Fresno area to Alabama, which resulted in the seizure of methamphetamine, as the first step in the long term investigation which eventually resulted in charges being brought against him. (*Id*. at 15–16) ("The defendant asserts that the probable cause for the investigation and seizure of the parcels seized and searched on June 16, 2016 was due to the investigation and probable cause of the February 12, 2015[] search and probable cause."). In any event, defendant argues that the use of a drug detecting dog by Fresno County Sheriff's officers inside the Federal Express shipping center on February 12, 2015 was a warrantless search unsupported by probable cause and that all evidence seized as a result should be suppressed.[2] (*Id.* at 10–13.)

The government opposes this motion to suppress evidence on several grounds. (Doc. No. 122.) First, the government argues that it does not intend to offer into evidence at defendant Hood's trial any evidence from searches conducted on February 12, 2015 and that the pending motion to suppress should therefore be denied as moot. (*Id*. at 3.) The government also represents that it is unaware of any search relevant to this prosecution having even taken place on February 12, 2015,[3] suggesting that defendant Hood may be mistakenly referring to investigation which occurred on February 12, 2016, when law enforcement photographed but did not seize parcels dropped off by Hood's co-defendant Richard Ormand at Federal Express, but that in any event the government also does not intend to offer those photos into evidence at defendant

---

[2] Defendant Hood apparently seeks suppression of all the evidence the government might offer against him at trial as the poisonous fruit of the February 2015 parcel seizures which he contends were unlawful. (Doc. No. 116 at 16.)

[3] The government may be mistaken as to this point, at least in part. The court first notes that although defendant's motion refers to Exhibits A–C, no such exhibits were attached to the motion he filed in this case. (*See* Doc. No. 116.) Nonetheless, at the hearing on the pending motions, defendant Hood did present the court with what was labeled "Exhibit A" bearing a Bate stamp of "ORMOND ET AL 0000671." That one-page document was a Fresno County Sheriff Incident Report dated February 12, 2015 by Det. Larralde describing a drug detecting dog "Jake" alerting on four packages, three of which were bound for Alabama, that day at the Federal Express shipping center in Clovis. It also described the seizure of those packages until a search warrant was issued by a Fresno County Superior Court judge resulting in the seizure of over 2½ pounds of methamphetamine and 3 cell phones on February 13, 2015. Accordingly, it would appear that the incident referred to by defendant Hood in his motion did take place and may have been related, at least in some way, to the long-term investigation from which this prosecution stemmed.

3

Hood's trial. (*Id.*) The government also argues that defendant has offered no authority for the proposition that the use of a drug detecting dog inside a business premise open to the public requires a warrant. (*Id.*) Finally, the government argues that defendant Hood has failed to establish his standing to challenge any February 12, 2015 seizure of parcels at Federal Express because he has not even asserted, and certainly has not shown, that he had a protected privacy interest in those packages upon which he was listed neither as the sender or the intended recipient. (*Id.* at 3–4.)

Ultimately, defendant Hood's first motion to suppress evidence fails. He essentially argues in conclusory fashion that the February 12, 2015 parcel searches were unlawful and therefore tainted all of the evidence the government intends to present against him at trial.[4] First, a defendant bears the burden of showing that he had a reasonable expectation of privacy in the item being searched in order to establish standing to challenge a search or seizure under the Fourth Amendment. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010); *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005); *see also Minnesota v. Olson*, 495 U.S. 91, 95–96 (1990) ("[I]t has been the law that 'capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.'") (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). Here, not only has defendant Hood not attempted to demonstrate that he had a reasonable expectation of privacy in the parcels that were seized on February 12, 2015 after Jake the dog alerted on them, he has not even attempted to establish his connection to or interest in those parcels in any way at all. *See United States v. Johnson*, 778 Fed. App'x. 474, 475 (9th Cir 2019)[5] (Concluding that the district court did not error in determining the defendant lacked standing to challenge a search where he was "not the sender or the addressee of the package, his

---

[4] If defendant's argument is accurately characterized as such, the government's argument that his motion should be denied "as moot" because they do not intend to offer evidence of that search against him misses the mark to some extent. Rather, it is defendant Hood's bald claim that **all** the evidence to be offered against him at trial stems from those searches in some way.

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

4

name was not on the lease for the apartment, and he did not state that he was expecting $64,000 in cash or that the cash belonged to him."); *see also United States v. Smith,* 39 F.3d 1143, 1145 (11th Cir. 1994) ("[W]e conclude that . . . the district court did not err by finding that Smith did not have a legitimate expectation of privacy in the letter sent to Kirkconnell. Given Smith's equivocal testimony regarding his ownership interest in the letter, and the fact that he was neither the sender nor the addressee of the letter, we hold that his arrangement with Kirkconnell was insufficient to preserve his legitimate expectation of privacy in the letter."); *United States v. Pierce*, 959 F.2d 1297, 1303 (5th Cir. 1992) ("Arguably, a defendant who is neither the sender nor the addressee of a package has no privacy interest in it, and, accordingly, no standing to assert Fourth Amendment objections to its search."); *United States v. Keonig*, 856 F.2d 843, 846 (7th Cir. 1988) ("Because Graf was neither the sender nor the addressee of the package and thus has no privacy right in it, he therefore has no standing to make the request. On appeal, he fails to point to any other source of a personal privacy interest in Koenig's mail."). Finally, " a defendant can prevail on a 'fruit of the poisonous tree' claim only if he has standing regarding the violation which constitutes the poisonous tree." 6 W. La Fave, *Search and Seizure* § 11.4, at 324–25 (5th Ed. 2012); *see also United States v. Baker*, 256 F.3d 855, 863 (9th Cir. 2001) (rejecting a defendant's challenge to the validity of a search warrant on the basis that tainted evidence from the unlawful search of his companion's purse was included in the affidavit supporting the issuance of the warrant.).

Because defendant Hood has failed to even attempt to demonstrate that he had a reasonable expectation of privacy in the parcels that were the subject of a seizure on February 12, 2015 by claiming ownership of them or otherwise, his motion to suppress the fruits of that search must be denied.[6]

/////

/////

---

[6] Because the court concludes that defendant Hood lacks standing to challenge the February 12, 2015 seizures, it need not address his arguments that the use of a drug detecting dog at the shipping center without a warrant and/or without probable cause was unlawful.

5

**B.     Motion to Suppress Evidence Under *Franks***

Next, defendant Hood moves for an evidentiary hearing to suppress evidence obtained pursuant to the court authorized Alabama Title III wiretap on the phone subscribed in the name of Thillit Maples of Gadsen, Alabama. (Doc. No. 117.) Defendant Hood argues that the affidavit submitted in support of that wiretap application was deficient because the affiant FBI Special Agent knowingly, intentionally, and with reckless disregard for the truth omitted material facts and included misleading statements in support of the probable cause showing. (*Id.* at 2–3.) Specifically, defendant Hood contends that the affidavit was false or misleading by failing to inform the reviewing U.S. District Judge that:

> 1)  the phone for which authorization was sought to intercept wire communications over was a contraband cell phone;
>
> 2)  the contraband phone had been smuggled into Alabama's Holman State Prison;
>
> 3)  the smuggled contraband cell phone was being used by a prisoner who was on death row at that prison after having been convicted of murder; and
>
> 4)  the application and affidavit for the wiretap did not bear a case number.[7]

(*Id*. at 3.) Although also somewhat difficult to decipher, defendant Hood appears to argue in this second motion that, because the target cell phone was contraband that could not be lawfully possessed in a state prison, had the reviewing U.S. District Judge been informed of these facts he would have refused to authorize the wiretap due to a lack of probable cause and instead ordered that the contraband cell phone be immediately seized by law enforcement officers. (*Id*. at 10–11.)

The government opposes defendant's *Franks* motion on the grounds that he has failed to make any showing, let alone a substantial preliminary showing, that the Alabama wiretap application contained intentionally or recklessly false statements or omitted material facts and that the affidavit would not support a finding of probable cause with the falsehoods or omissions

---

[7] Defendant Hood offers no argument in support of his contention that a failure to affix a case number to a wiretap application at the time of its submission somehow constitutes a false or misleading statement potentially impacting the probable cause determination which can properly be addressed under *Franks*.

6

corrected. (Doc. No. 122 at 4) (citing *Franks v. Delaware,* 438 U.S. 154, 171–72 (1978)). In this regard, the government contends that the basis of defendant Hood's motion is simply wrong in that the supporting affidavit clearly informed the reviewing district judge that the target phone was contraband that had been smuggled into Holman State Prison and was being used by a convicted murderer housed on death row at that institution. (*Id.* at 4–5.) The government's arguments are clearly persuasive given the absence of any preliminary showing by defendant Hood here.

"A defendant is entitled to an evidentiary hearing if he 'makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.'" *United States v. Craighead*, 539 F.3d 1073, 1080–81 (9th Cir. 2008) (quoting *Franks*, 438 U.S. at 155–56)); *see also United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011); *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000); *United States v. Johns*, 851 F.2d 1131, 1133 (9th Cir. 1988). Therefore, in order to be entitled to an evidentiary hearing, a defendant must come forward with specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and support that claim with a sufficient offer of proof. *Craighead*, 539 F.3d at 1080 (citing *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983)). Where a substantial preliminary showing is made, "the court must hold a hearing to determine if any false statements deliberately or recklessly included in the affidavit were material to the magistrate's finding of probable cause."[8] *Johns*, 851 F.2d at 1133 (quoting *United States v. Burnes*, 816 F.2d 1354, 1357 (9th Cir. 1987)); *see also United States v. Stanert*, 762 F.2d 775, 780 (9th Cir.), *as amended*, 769 F.2d 1410 (9th Cir. 1985).

/////

---

[8] Affirmative misrepresentations in a search warrant affidavit are material if probable cause is lacking absent consideration of the misrepresented facts. *Crowe v. County of San Diego*, 608 F.3d 406, 435 (9th Cir. 2010) (citing *Franks*, 438 U.S. at 171–72). A misrepresentation based on an omission is material where the inclusion of the omitted facts would "cast doubt on the existence of probable cause." *Id.* (quoting *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992)).

7

To prevail on a *Franks* challenge to the veracity of the affidavit and the validity of the warrant, the defendant must ultimately establish by a preponderance of the evidence: (1) that the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant; and (2) that the false or misleading statement or omission was material, that is, it was necessary to the finding of probable cause. *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citing *United States v. Martinez-Garcia*, 397 F.3d 1205, 1214–15 (9th Cir. 2005)). If the defendant satisfies both requirements, "the search warrant must be voided and the fruits of the search excluded." *Id.* (quoting *Franks*, 438 U.S. at 156).

Here, the affidavit submitted in support of the Alabama Title III wiretap application repeatedly advised the reviewing district judge that the target telephone was a smuggled contraband cell phone that was illegally obtained and was being used by the death row inmate incarcerated at Holman State Prison to broker methamphetamine transactions. (*See* Doc. No. 122 at 4–5.) Of course, defendant Hood's speculation (or perhaps wishful thinking) that a reviewing judge seeing such information would be required to refuse to authorize the wiretap and instead order the seizure of the contraband cell phone is obviously incorrect as well.

Having failed to make the substantial preliminary showing required by *Franks*, defendant Hood is entitled to neither an evidentiary hearing nor the suppression of any evidence obtained as a result of the wiretap. *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir. 1995); *see also United States v. Yepiz*, 673 F. Appx. 691, 703 (9th Cir. 2016).[9] Accordingly, his second motion to suppress evidence will also be denied.

## MISCELLANEOUS MATTERS

On January 3, 2020, the government filed a notice of request to seal the government's affidavit and request to seal documents in this case. (Doc. No. 121.) Due to the undersigned's unavailability on that date, another district judge of this court issued an order granting the government's request on January 6, 2020. (Doc. No. 123.) The government's request to seal and the documents in question were then filed under seal on January 9, 2020. (Doc. Nos. 125, 126.)

---

[9] *See* fn. 5, above.

On February 6, 2020, defendant Hood, proceeding *pro se*, belatedly filed an opposition to the government's request to seal. (Doc. No. 132.) The court has again reviewed the documents filed under seal by the government. Although, those documents appear to relate to one of defendant's pending motions to suppress, they are not relevant in any way to the court's resolution of the motions set forth above. However, in reviewing those documents the undersigned also cannot readily discern why they were filed under seal, nor why they could not have been produced to defendant Hood if they have not been produced. Accordingly, the court will require the government to show cause in writing within 10 days why the sealed documents should not be unsealed or, alternatively, why the sealing order should not be amended to permit defendant Hood access to those sealed documents.

**CONCLUSION**

For the reasons explained above:

1. Defendant Hood's motion to suppress evidence stemming from the February 12, 2015 parcel seizures at the Federal Express shipping center in Clovis, CA (Doc. No. 116) is denied;

2. Defendant Hood's request for a *Franks* hearing and motion to suppress evidence obtained as a result of the Alabama Title III wiretap (Doc. No. 117) is denied;

3. Within 10 days of the service of this order the government shall show cause in writing why Doc. No. 126 should remain under seal and/or cannot be shared with defendant Hood with that response being filed with a request for its sealing if necessary; and

4. The case is referred to the assigned Magistrate Judge for the already scheduled hearing on defendant Hood's discovery motion and for Trial Setting on February 24, 2010 at 3:00 p.m. in Courtroom 8.

IT IS SO ORDERED.

Dated: **February 21, 2020**

UNITED STATES DISTRICT JUDGE