# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LESLIE HOOD,<br><br>　　　　　Defendant. | Case No. 1:17-cr-00040-DAD-BAM<br><br>**ORDER RE LIMITED APPOINTMENT OF INVESTIGATOR AND TOXICOLOGY LABORATORY FOR TESTING SAMPLES FROM DEA LIMS: 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9)**<br><br>(Doc. Nos. 119, 133) |

This matter is before the Court on the request by Defendant Leslie Hood ("Defendant"), proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975), for appointment of an expert and an investigator to assist with Defendant's request to inspect and analyze a representative sample of the drugs the United States intends to introduce at trial. (Doc. Nos. 119, 133.)

Having considered Defendant's request, the arguments before the Court, and the record in this matter, the request is GRANTED IN PART and the Court will order appointment of an expert and a limited appointment of an investigator as follows.

**I.　　Background**

On May 29, 2018, Defendant filed motions requesting appointment of a paralegal and an investigator to assist him in the preparation of his defense. (Doc. Nos. 70, 71.) Defendant's

1

motions failed to demonstrate why appointment of a paralegal or investigator was necessary for any defense and the Court accordingly denied Defendant's motions at a hearing on July 10, 2018. (Doc. No. 79.) However, the Court advised Defendant that it would entertain a further motion for appointment of an investigator should he pinpoint why one was needed. (*Id.*)

On July 9, 2019, Defendant filed a motion seeking reconsideration of his prior motions requesting appointment of a paralegal and an investigator. (Doc. No. 99.) On July 31, 2019, the Court held a hearing on the motion and, following oral argument, tentatively approved appointment of an investigator and paralegal subject to Defendant providing a detailed scope of proposed work for each and estimated time required to perform the work. (Doc. No. 100.) Defendant subsequently submitted a document describing the proposed scope of work for an investigator and paralegal as well as an estimate of time required to perform the work. (Doc. No. 103.) The Court held a further hearing on the motion on August 12, 2019 and ordered Defendant's proposed scope of work and time estimate to be filed under seal. (Doc. No. 101.) On August 14, 2019, the Court issued an order appointing an investigator for the limited purpose of meeting with Defendant to determine the scope of any proposed investigation and to provide information to the Court regarding the investigator's hourly rate, as well as an estimate of the number of hours necessary to accomplish the proposed scope of investigation. (Doc. No. 102.)

On August 26, 2019, September 9, 2019, and September 30, 2019, the Court held status conferences regarding discovery and discussed Defendant's request for an investigator during sealed portions of the hearing. (Doc. Nos. 104, 108, 111.) On August 26, 2019, Defendant confirmed that he met with an investigator coordinated by the Criminal Justice Act ("CJA") panel pursuant to the Court's order appointing an investigator for a limited purpose. (Doc. Nos. 104.) On August 28, 2019, the Court issued an order regarding the limited appointment of an investigator authorizing further investigation, which was filed under seal. (Doc. No. 107.) Robert Gonzalez, the investigator coordinated by the CJA panel, appeared on September 9, 2019, and investigator Robert O'Day appeared on September 30, 2019, at Defendant's request. (Doc. Nos. 108, 111.) An investigator was not appointed at that time because the scope of the investigation proposed by Defendant changed and was no longer relevant to the issues in the

case.

On December 19, 2019, Defendant filed a motion for discovery requesting to inspect and analyze a representative sample of the drugs the United States intends to introduce at trial. (Doc. No. 119.) The United States did not oppose this request. (Doc. No. 128.) The Court held a hearing on the motion on February 10, 2020, and Defendant requested an investigator be appointed in order to assist in coordinating the inspection and testing of the drug evidence. (Doc. No. 133.) Defendant requested that the hearing be continued in order to allow an investigator to appear. (*Id.*)

On February 24, 2020, the Court held a further hearing on Defendant's motion. (Doc. No. 136.) An investigator did not appear on Defendant's behalf and the hearing was continued at Defendant's request in order to allow the investigator to appear. (Doc. No. 137.)

On March 16, 2020, the Court held a further hearing on Defendant's motion. Investigator Rocky Pipkin of Pipkin Detective Agency appeared and described his qualifications.

**II.      Discussion**

The Criminal Justice Act ("CJA") provides that courts may "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "Representation" includes …. "counsel and investigative, expert, and other services necessary for adequate representation." *Id.* Courts shall authorize investigative, expert and other services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them . . . ." 18 U.S.C. § 3006(A)(e). A *pro se* criminal defendant does not have an automatic entitlement to the appointment of an investigator or paralegal to assist in the defense of pending criminal charges and must demonstrate with specificity the reasons why such services are required. 18 U.S.C. § 3006(A)(e); *see also United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) ("When requesting investigative services, a defendant must show specifically the reasons why the services are necessary."); *United States v. Rodriguez– Lara*, 421 F.3d 932, 940 (9th Cir. 2005), overruled on other grounds by *United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014); *United States v. Nelson,* 137 F.3d 1094,

1101 n.2 (9th Cir. 1998)*; see also United States v. Cole*, 2015 WL 5178425, at *3 (E.D. Cal. Aug. 28, 2015) (declining pro se criminal defendant's request for investigator where defendant failed to show that the requested services were necessary for adequate representation).

Here, Defendant requests appointment of an expert to inspect and analyze a representative sample of the drugs the United States intends to introduce at trial. In light of Defendant's *pro se* status, the Court finds that Defendant has adequately demonstrated that it is necessary at this time to appoint an expert. The purpose of the appointment shall be to perform qualitative and quantitative analyses of samples from DEA LIMS: 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9) (the "Samples"). The expert shall perform an identity test to determine if methamphetamine is present in the Samples and perform a purity test of the identified methamphetamine, if any. The expert shall further provide the United States and Defendant with a copy of the results of the testing and analysis performed.

Defendant further requests appointment of an investigator to assist with his request to inspect and analyze a representative sample of the drugs the United States intends to introduce at trial. Specifically, an investigator is needed to identify the specific scientist with Central Valley Toxicology to conduct the testing, to transport copies of the results to Defendant, and to meet with Defendant and review the test results. Defendant further requests that the investigator be permitted to meet with a DEA agent to inspect the sample of drugs to be tested. In light of Defendant's *pro se* status, the Court finds that Defendant has adequately demonstrated that it is necessary at this time to appoint an investigator for a limited purpose.

The purpose of the appointment shall be limited to identifying the specific scientist with Central Valley Toxicology to conduct the testing, transporting copies of the results to Defendant, and meeting with Defendant and reviewing the test results. The investigator will also be permitted to meet with a DEA agent to inspect the sample of drugs to be tested. As the Court has advised Defendant on multiple occasions, including at the hearings held on August 12, 2019, August 26, 2019, September 9, 2019, September 30, 2019, and February 10, 2020, and in the Court's August 14, 2019, appointing an investigator for a limited purpose, the maximum amount

that may be expended on any investigation is a total of $2,600.00. Defendant is further reminded that the Court previously authorized a total of $2,400.00 in funds and a portion of this amount was already expended in the course of the prior appointment of an investigator for a limited purpose.

**III.    Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED

1. Defendant's request for appointment of an expert and an investigator is GRANTED;

2. Bill Posey of Central Valley Toxicology is appointed as an expert for Defendant to:

- Perform qualitative and quantitative analyses of samples from DEA LIMS: 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9). Specifically, Mr. Posey shall perform an identity test to determine if methamphetamine is present in the samples and perform a purity test of the identified methamphetamine, if any;
- Coordinate a convenient date and time for the analysis and testing of the samples, which date shall be within thirty (30) days of the date of this Order;
- Safeguard the samples and preserve the chain of custody in a manner to faithfully protect their integrity;
- Repackage and return any residual substances according to DEA protocols or procedures;
- Make the test results available to Defendant.

3. An employee to be identified with the Pipkin Detective Agency is appointed only for the limited purpose of:

- Meeting with Defendant to discuss the scope of work;
- Coordinating a convenient date and time for the analysis and testing of the samples, which date shall be within thirty (30) days of the date of this Order;
- Meeting with a DEA agent to inspect the samples to be tested;

1   • Observing any testing of the samples by Central Valley Toxicology;
2   • Transporting copies of the testing results to Defendant; and
3   • Meeting with Defendant and reviewing the test results.
4   4. The Pipkin Detective Agency is appointed at a rate of $75 per hour. A CJA 21 Authorization and Voucher for Expert and Other Services shall be submitted to the Federal Defender's Office, Connie Garcia, CJA Panel Administrator, for review and will be subject to approval by the undersigned;
5. The Clerk of the Court is directed to serve a copy of this order on the Federal Defender's Office, Connie Garcia, CJA Panel Administrator, on the Pipkin Detective Agency at 4318 W Mineral King, Visalia, CA 93291, **and** on Central Valley Toxicology at 1580 Tollhouse Rd, Clovis, CA 93611.

IT IS SO ORDERED.

Dated: **March 17, 2020**        /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE