IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>             v.<br><br>LESLIE HOOD,<br><br>                          Defendants. | CASE NO. 1:17-CR-00040-DAD-BAM<br><br>ORDER TO PRODUCE REPRESENTATIVE SAMPLE FOR RETESTING TO THE DEFENSE |

UPON THE DEFENDANT'S MOTION for an order that requires the Government to produce, for qualitative retesting by a defense expert, a representative sample from the controlled substance exhibits the Government intends to introduce in its case-in-chief,

AND UPON THIS COURT'S CONSIDERATION of the arguments and pleadings filed,

IT IS HEREBY ORDERED AND DECREED, in accordance with Fed. R. Crim. P. 16(a)(1)(E), that the Government shall extract samples from <u>DEA LIMS: 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9)</u> sufficient in its discretion to perform the qualitative and quantitative analyses; and

IT IS FURTHER ORDERED that the Government shall deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the expert's proximity to the originating Drug Enforcement Administration (DEA) laboratory, a representative sample of the exhibits identified above to the defense expert, who has been specifically identified as **Bill Posey** at the laboratory that has been specifically identified as **Central Valley Toxicology**, which is physically located at **1580 Tollhouse Rd, Clovis, CA 93611**. The expert shall possess and present in advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration sufficient to perform the qualitative and quantitative analyses of the schedule of controlled substance at issue, in accord and in

1

full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 *et seq*.; and

IT IS FURTHER ORDERED that, upon delivery of the exhibits to the defense expert, the expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample. The defense expert shall conduct the identification and qualitative analysis ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the Government. The Declaration shall be delivered to the Government immediately upon completion of the analyses ordered herein; and

IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the analyses under this Order; and

IT IS FURTHER ORDERED that:

(1) Any reweighing of the exhibits will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibits, if such a separate order is entered;

(2) The defense shall coordinate with the Government a convenient date and time for the analyses ordered herein, which date shall be within thirty (30) days of the date of this Order;

(3) The defense expert's analyses may be observed by a Government law enforcement officer, who reserves the right to videotape the analyses or any portion thereof;

(4) The defense expert is responsible for safeguarding the exhibits/samples, preserving the chain of custody in a manner to faithfully protect its integrity;

(5) The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

(6) Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

(7) All reanalysis must be completed within ten (10) calendar days from the date of receipt of the samples/exhibits. Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

(8) Any failure to follow the aforementioned procedures may render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9) Any failure by the defense to maintain the proper chain of custody will not render DEA Laboratory Exhibit Number(s) 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9) inadmissible for this reason; and

(10) The Clerk of the Court is directed to serve a copy of this order on the Pipkin Detective Agency at 4318 W Mineral King, Visalia, CA 93291, **and** on Central Valley Toxicology at 1580 Tollhouse Rd, Clovis, CA 93611.

IT IS SO ORDERED.

Dated: **March 17, 2020**　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE