UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LESLIE HOOD,<br><br>  Defendant. | No. 1:17-cr-00040-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR TRIAL SUBPOENAS WITHOUT PREJUDICE<br><br>(Doc. Nos. 149, 151) |

This matter is before the court on two motions filed by defendant Leslie Hood, who is proceeding *pro se* in this criminal prosecution, seeking the issuance of trial subpoenas. (Doc. Nos. 149, 151.) In his first one-page motion, defendant Hood seeks the issuance of six blank trial subpoenas, arguing that he has a Sixth Amendment right to confront the witnesses against him and to compulsory process in order to obtain the presence of witnesses in his favor. (Doc. No. 149.) However, that motion does not identify the witnesses defendant Hood wishes to serve with trial subpoenas nor does it address the necessity of any such witness's presence at trial for the presentation of an adequate defense. (*Id.*) In his second motion, defendant Hood essentially repeats the contents of his first motion, adding only a representation that the unidentified individuals he wishes to subpoena to his trial are "key witnesses." (Doc. No. 151.)

/////

1

# BACKGROUND

On February 23, 2017, the grand jury for the Eastern District of California returned an indictment in this action charging defendant Hood in three counts with: Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841, 846 (Count One); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841 (Count Three); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b) (Count Six). These charges stemmed from evidence discovered by law enforcement as a result of a long-term investigation that included the use of two court authorized wiretaps under Title III of the Omnibus Crime Control and Safe Street Act of 1968. *See* 18 U.S.C. § 2518. One of those wiretaps was obtained from this court and the other was obtained from the U.S. District Court for the Northern District of Alabama. Defendant Hood was reportedly arrested by authorities on March 8, 2017 in possession of 54.2 grams of methamphetamine which had to be removed from his body at a hospital. (Doc. No. 122.)

At the time of his initial appearance before this court, having completed the required financial affidavit, defendant Hood was found financially unable to employ counsel and counsel was therefore appointed to represent him. (Doc. No. 11.) On March 15, 2018, after full *Faretta* admonitions were given, defendant Hood's motion to represent himself in this criminal prosecution was granted and standby counsel was appointed to assist him. (Doc. No. 58.) Since that time, defendant Hood's standby counsel has been replaced several times, but appointed counsel continues to serve in that role.

# DISCUSSION

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of trial witness subpoenas and in relevant part provides as follows:

> (a) **Content.** A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena—signed and sealed—to the party requesting it, and that party must fill in the blanks before the subpoena is served.
>
> (b) **Defendant Unable to Pay.** Upon a defendant's *ex part*e application, the court must order that a subpoena be issued for a

named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

As one district court long ago explained:

> Rule 17(a) covers the "normal" situation where the party has retained counsel and is able to pay the fees and mileage required to be tendered to the subpoenaed witness upon service of the subpoena pursuant to Rule 17(d). Under such circumstances, no court intervention is required at all. The party simply obtains the subpoena from the Clerk, who issues it in blank. The requesting party fills in the blanks prior to service together with the requisite funds for the one-day witness fee and mileage. Rule 17(a) requires that the subpoena state the court and title of the proceeding and command the person "to attend and give testimony at the time and place specified therein."
>
> Obviously, under the above procedure, leave of court is not required and no notice need be given to the Government.
>
> In many situations, however, a defendant requesting a subpoena is indigent and unable to pay the requisite fees. Under those circumstances, it has long been recognized that the defendant may obtain the subpoena and the fees and expenses will be paid by the Government.

*United States v. Florack*, 838 F. Supp. 77, 78 (W.D.N.Y. 1993). As further explained by the district court in *Florack,* in 1966 Rule 17(b), which is applicable in the latter situation, was amended to authorize indigent defendants to submit such subpoena requests to the court utilizing an *ex parte* procedure that did not require them to reveal their trial strategy or identify defense witnesses to the government. *Id.*

The Tenth Circuit Court of Appeals has effectively reviewed and summarized the standards applicable to an indigent defendant's request for the issuance of trial subpoenas under Rule 17(b) as follows:

> Rule 17(b) requires a court to issue a subpoena when an indigent defendant: (1) files an ex parte application with the court; (2) shows an inability to pay the witness's fees; and (3) demonstrates the necessity for the witness's presence for an adequate defense. *Id.*; *see Greschner*, 802 F.2d at 378; *see also Speers v. United States*, 387 F.2d 698, 701–02 (10th Cir. 1967) ("A motion to have a defense witness produced at government expense is addressed to the sound judicial discretion of the court and is not an absolute right." (internal quotation marks omitted)).

> By virtue of the "necessity" requirement, a defendant's burden under Rule 17(b) is not light. "Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense." *United States v. LeAmous*, 754 F.2d 795, 798 (8th Cir. 1985). To show "necessity," a defendant must establish that the witness's testimony is "relevant, material, and useful." *United States v. Hernandez–Urista*, 9 F.3d 82, 84 (10th Cir. 1993) (internal quotation marks omitted). He or she must demonstrate "particularized need." *Id.*
>
> We have explained, in no uncertain terms, what does not constitute particularized need. For example, an adequate ground for the denial of a request for a subpoena under the necessity requirement of Rule 17(b) exists when the defendant fails to "set forth the expected testimony of a witness," or when the testimony of the subpoenaed witness would be "cumulative" of the testimony of other witnesses. *Id.* Practical factors also bear on this analysis, such as the timeliness of the subpoena request and the possible delay of trial. *United States v. Bloomgren*, 814 F.2d 580, 585 (10th Cir. 1987) ( "The timeliness of the request and the possible delay of trial are factors to be considered by a trial court.").

*United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009); *see also United States v. Ponzo*, 733 Fed. App'x. 353, 355 (9th Cir. 2018)[1] ("Ponzo failed to carry his burden of showing the necessity of the deputy's testimony, particularly because he was able to provide his version of the relevant events in his sentencing papers and during sentencing.") (citing Fed. R. Crim. P 17(b)); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991).

The precise nature of defendant Hood's pending *pro se* motions are unclear. It appears possible that defendant may be confused by, or not appreciate the differences between, Rule 17(a) and Rule 17(b). On their face, the two pending motions appear to cite and rely upon Rule 17(a). (Doc. No. 149 at 1; Doc. No. 151 at 1.). Yet, as explained by the court in *Florack*, Rule 17( a) applies "where the party has retained counsel and is able to pay the fees and mileage required to be tendered to the subpoenaed witness upon service" and requires no authorization by the court. 838 F. Supp. at 78. However, as noted above, defendant Hood has previously been found to be indigent and, although currently proceeding *pro se* in this criminal action, has been appointed standby counsel to assist him. It would therefore appear doubtful that he is in the position to pay the fees and mileage expenses in connection with such trial subpoenas. Moreover, he has

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

requested court authorization which is unnecessary when proceeding under Rule 17(a). Thus, it would not appear that defendant Hood's motions are being properly presented pursuant to Rule 17(a), but rather are requests being brought pursuant to 17(b), even though they have not been submitted *ex parte* as authorized but rather have been filed on the public docket. Most importantly however, and as noted above, neither motion identifies the witnesses defendant Hood wishes to serve with trial subpoenas nor does either motion address the necessity of any witness's presence at trial for the presentation of an adequate defense as required under the legal standards governing applications brought pursuant to Rule 17(b).

## CONCLUSION

For the reasons explained above, defendant Hood's motions seeking the issuance of trial subpoenas (Doc. Nos. 149, 151) will be denied without prejudice to refiling under the appropriately designated rule. If submitted under Rule 17(b), the application for trial subpoenas may be filed *ex parte,* under seal and need not be served on the government, but must address and meet the legal standards discussed above. The court encourages defendant Hood to consult with his appointed standby counsel should he have questions as to how to proceed in this regard. The court also expresses once again its willingness to appoint counsel to represent him if defendant Hood were to desire appointment of counsel at this time.[2]

IT IS SO ORDERED.

Dated: **June 8, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] Finally, the court notes that this case is currently scheduled for a trial confirmation hearing on June 29, 2020 and for jury trial on July 14, 2020. However, the courthouses of this U.S. District Court remain closed to the public in light of the Covid–19 pandemic pursuant to General Orders 611, 612, 617 and 618. Moreover, on April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this district based upon the pandemic as well as other circumstances and authorized the invocation of the provisions of 18 U.S.C. § 3174(c) with respect to the time period for bringing criminal defendants to trial. While a phased reopening of some courthouses in this district is currently being analyzed, even under the best of conditions it is extremely unlikely that jury trials will resume in the Fresno courthouse until August of 2020 at the very earliest due to public health and safety concerns. These matters will be addressed further with the parties at the trial confirmation hearing.