# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE HOOD,<br><br>Defendant. | Case No. 1:17-cr-00040-DAD-BAM<br><br>**ORDER RE LIMITED APPOINTMENT OF INVESTIGATOR**<br><br>**ORDER MODIFYING ORDER RE LIMITED APPOINTMENT OF INVESTIGATOR AND TOXICOLOGY LABORATORY FOR TESTING SAMPLES FROM DEA LIMS: 2016-SFL7-12610 (Exhibit 7); 2016-SFL7-02611 (DEA Exhibit 8) and 2016-SFL-7-02611 (DEA Exhibit 9)**<br><br>(Doc. No. 144.) |
|---|---|

This matter is before the Court on the request by Defendant Leslie Hood ("Defendant"), proceeding *pro se* in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975), to permit the investigator appointed to assist him in this case to interview a FedEx shipping center manager and to increase the total funds authorized to be expended on the investigation. (Doc. Nos. 171, 173.)

Having considered Defendant's request, the arguments before the Court, and the record in this matter, the request is GRANTED. Additionally, the Court will modify its March 17, 2020 order appointing Bill Posey of Central Valley Toxicology as an expert and appointing the Pipkin Detective Agency as an investigator in this case (Doc. No. 144) as follows.

## I.  Background

On May 29, 2018, Defendant filed motions requesting appointment of a paralegal and an investigator to assist him in the preparation of his defense. (Doc. Nos. 70, 71.) Defendant's motions failed to demonstrate why appointment of a paralegal or investigator was necessary for

1

1  any defense and the Court accordingly denied Defendant's motions at a hearing on July 10,
2  2018. (Doc. No. 79.) However, the Court advised Defendant that it would entertain a further
3  motion for appointment of an investigator should he pinpoint why one was needed. (*Id*.)

4  On July 9, 2019, Defendant filed a motion seeking reconsideration of his prior motions
5  requesting appointment of a paralegal and an investigator. (Doc. No. 99.) On July 31, 2019,
6  the Court held a hearing on the motion and, following oral argument, tentatively approved
7  appointment of an investigator and paralegal subject to Defendant providing a detailed scope of
8  proposed work for each and estimated time required to perform the work. (Doc. No. 100.)
9  Defendant subsequently submitted a document describing the proposed scope of work for an
10 investigator and paralegal as well as an estimate of time required to perform the work, which
11 was filed under seal. (Doc. No. 103.) The Court held a further hearing on the motion on
12 August 12, 2019 and ordered Defendant's proposed scope of work and time estimate to be filed
13 under seal. (Doc. No. 101.) On August 14, 2019, the Court issued an order appointing an
14 investigator for the limited purpose of meeting with Defendant to determine the scope of any
15 proposed investigation and to provide information to the Court regarding the investigator's
16 hourly rate, as well as an estimate of the number of hours necessary to accomplish the proposed
17 scope of investigation. (Doc. No. 102.)

18 On August 26, 2019, September 9, 2019, and September 30, 2019, the Court held status
19 conferences regarding discovery and discussed Defendant's request for an investigator during
20 sealed portions of the hearing. (Doc. Nos. 104, 108, 111.) On August 26, 2019, Defendant
21 confirmed that he met with an investigator coordinated by the Criminal Justice Act ("CJA")
22 panel pursuant to the Court's order appointing an investigator for a limited purpose. (Doc. Nos.
23 104.) On August 28, 2019, the Court issued an order regarding the limited appointment of an
24 investigator authorizing further investigation, which was filed under seal. (Doc. No. 107.)
25 Robert Gonzalez, the investigator coordinated by the CJA panel, appeared on September 9,
26 2019, and investigator Robert O'Day appeared on September 30, 2019, at Defendant's request.
27 (Doc. Nos. 108, 111.) An investigator was not appointed at that time because the scope of the
28 investigation proposed by Defendant changed and was no longer relevant to the issues in the

1  case.

2  On December 19, 2019, Defendant filed a motion for discovery requesting to inspect
3  and analyze a representative sample of the drugs the United States intends to introduce at trial.
4  (Doc. No. 119.)  The United States did not oppose this request.  (Doc. No. 128.)  The Court
5  held a hearing on the motion on February 10, 2020, and Defendant requested an investigator be
6  appointed in order to assist in coordinating the inspection and testing of the drug evidence.
7  (Doc. No. 133.)  Defendant requested that the hearing be continued in order to allow an
8  investigator to appear.  (*Id.*) On February 24, 2020, the Court held a further hearing on
9  Defendant's motion.  (Doc. No. 136.)  An investigator did not appear on Defendant's behalf
10 and the hearing was continued at Defendant's request in order to allow the investigator to
11 appear.  (Doc. No. 137.)

12 On March 16, 2020, the Court held a further hearing on Defendant's motion.  (Doc. No.
13 143.) Investigator Rocky Pipkin of Pipkin Detective Agency appeared and described his
14 qualifications. The Court subsequently issued an order dated March 17, 2020 appointing Bill
15 Posey of Central Valley Toxicology as an expert to inspect and analyze a representative sample
16 of the drugs the United States intends to introduce at trial and appointing the Pipkin Detective
17 Agency as an investigator to assist with Defendant's request to test the drug samples. (Doc. No.
18 144.) The Court appointed the Pipkin Detective Agency at a rate of $75 per hour and set a
19 maximum amount of $2,600.00 to be expended on any investigation. (*Id.*) Additionally, the
20 Court's order directed Central Valley Toxicology and Pipkin Detective Agency to coordinate a
21 convenient date and time for the analysis and testing of the samples within thirty (30) days of
22 the order. (*Id.*)

23 On September 10, 2020, the parties requested a status conference with the Court. (Doc.
24 No. 166.) The Court held a status conference on September 23, 2020, and the parties discussed
25 Defendant's request to test the full drug exhibits. (Doc. No. 171.) The United States indicated
26 that it was willing to allow testing of the full drug exhibits if Defendant entered in to a
27 stipulation waving objections that the transfer of the full drug exhibits to Central Valley
28 Toxicology broke the chain of custody. (Doc. Nos. 170, 171.) The Court and the parties also

discussed issues with Central Valley Toxicology's availability, including the expiration of its DEA registration. (Doc. No. 171.) At the status conference, the United States further advised the Court that Pipkin Detective Agency had expressed concerns that it had limited hours available and the Court advised that it would be willing to extend the investigator's hours within reason. (*Id.*)

On September 30, 2020, the Court held a further status conference. (Doc. No. 173.) At the conference, the Court noted that the United States had filed a status report stating Central Valley Toxicology had resolved the issues with its controlled substance license and the DEA had confirmed the renewal. (Doc. Nos. 172, 173.) Defendant expressed concerns regarding stipulating to chain of custody and declined to do so. (Doc. No. 173.) The Court ordered that a representative sample of the drugs would be tested. (*Id.*) The United States confirmed that the drug samples previously sent to Central Valley Toxicology had been returned to the DEA and were no longer in Central Valley Toxicology's possession. The United States further agreed to coordinate with the DEA so that the Pipkin Detective Agency could view the drug samples before they were sent back to Central Valley Toxicology. (*Id.*) At the conference, Defendant further requested that Pipkin Detective Agency be permitted to interview the manager of the FedEx shipping center from which the drugs at issue in this case were seized. (*Id.*)

**II.      Discussion**

The CJA provides that courts may "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "Representation" includes …. "counsel and investigative, expert, and other services necessary for adequate representation." *Id.* Courts shall authorize investigative, expert and other services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them . . . ." 18 U.S.C. § 3006(A)(e). A *pro se* criminal defendant does not have an automatic entitlement to the appointment of an investigator or paralegal to assist in the defense of pending criminal charges and must demonstrate with specificity the reasons why such services are required. 18 U.S.C. § 3006(A)(e); *see also United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972); *United*

*States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) ("When requesting investigative services, a defendant must show specifically the reasons why the services are necessary."); *United States v. Rodriguez–Lara*, 421 F.3d 932, 940 (9th Cir. 2005), overruled on other grounds by *United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014); *United States v. Nelson,* 137 F.3d 1094, 1101 n.2 (9th Cir. 1998)*; see also United States v. Cole*, 2015 WL 5178425, at *3 (E.D. Cal. Aug. 28, 2015) (declining pro se criminal defendant's request for investigator where defendant failed to show that the requested services were necessary for adequate representation).

Here, Defendant requests that the scope of the Pipkin Detective Agency's appointment be expanded to permit the investigator to interview the manager of the FedEx shipping center from which the drugs at issue in this case were seized.  In light of Defendant's *pro se* status, the Court finds that Defendant has adequately demonstrated that it is necessary at this time to appoint an investigator for this limited purpose. Pipkin Detective Agency will be permitted to meet with the FedEx shipping center manager, conduct an interview, and meet with Defendant to discuss the results of the interview.

Additionally, the Court's order appointing Central Valley Toxicology as an expert and appointing the Pipkin Detective Agency as an investigator directed them to coordinate a convenient date and time for the analysis and testing of the samples within thirty (30) days. (*See* Doc. No. 144.) However, this time period has lapsed and the samples have been returned to the DEA. Accordingly, the Court will modify its order and extend the time to coordinate testing of the samples.

Finally, the Court will increase the maximum amount that may be expended on any investigation to a total of $3,300.00 (at a rate of $75 per hour).

### III.     Conclusion

   For the foregoing reasons, IT IS HEREBY ORDERED:

1.     Defendant's request to expand the scope of the Pipkin Detective Agency's appointment and to increase the total funds authorized to be expended on the investigation is GRANTED;

1    2.    The limited purpose of the Pipkin Detective Agency's appointment is modified to
2 include meeting with the FedEx shipping center manager, conducting an interview, and
3 meeting with Defendant to discuss the results of the interview;
4    3.    Central Valley Toxicology and the Pipkin Detective Agency shall coordinate a
5 convenient date and time for the analysis and testing of the drug samples pursuant to the
6 Court's March 17, 2020 order (Doc. No. 144) within thirty (30) days of the date of this Order;
7    4.    The maximum amount that may be expended on any investigation is increased to
8 a total of $3,300.00 (at a rate of $75 per hour); and
9    5.    The Clerk of the Court is directed to serve a copy of this order on the Federal
10 Defender's Office, Connie Garcia, CJA Panel Administrator, on the Pipkin Detective Agency
11 at 4318 W Mineral King, Visalia, CA 93291, **and** on Central Valley Toxicology at 1580
12 Tollhouse Rd, Clovis, CA 93611.

IT IS SO ORDERED.

Dated:    **October 2, 2020**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

6