1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00040-DAD-BAM |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION AND DISCOVERY FROM ALABAMA |
| v. | |
| LESLIE HOOD, | |
| Defendant. | ECF No. 179 and 181 |

This matter is before the Court on two motions by Defendant Leslie Hood ("Defendant"), proceeding pro se in this criminal action pursuant to *Faretta v. California*, 422 U.S. 806 (1975); motion requesting to renew Defendant's motion for discovery for reconsideration (Doc. 179) and motion to renew motion to compel governments' discovery of Alabama, unsealed and unredacted. (Doc. 181.) The government filed an opposition to the motions. (Doc. 186.) Defendant filed a reply. (Doc. 190.) The Court finds the motions fully briefed, previously considered by the Court, and suitable for decision without oral argument. Having considered Defendant's motions, the opposition, the reply brief, and the entire record in the matter, the motions are denied.

## I. Background

On February 23, 2017, the grand jury for the Eastern District of California returned an indictment in this action charging defendant Hood in three counts with: Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841, 846.

1   (Count One); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §

2   841 (Count Three); and Use of a Communication Facility to Facilitate a Drug Trafficking Offense

3   in violation of 21 U.S.C. § 843(b) (Count Six). These charges stemmed from evidence discovered

4   by law enforcement as a result of a long-term investigation that included the use of two court

5   authorized wiretaps under Title III of the Omnibus Crime Control and Safe Street Act of 1968.

6   See 18 U.S.C. § 2518. One of those wiretaps was obtained from this court and the other was

7   obtained from the U.S. District Court for the Northern District of Alabama. According to the

8   government, Defendant was first intercepted on the Alabama wiretap on March 22, 2016; was

9   first observed as a result of surveillance in this area on June 16, 2016 dropping off parcels at

10  Federal Express which were found to contain children's toys stuffed with methamphetamine; and

11  was arrested by authorities on March 8, 2017 in possession of 54.2 grams of methamphetamine

12  which had to be removed from his body at a hospital. (Doc. No. 122.)  In September 2020, a

13  grand jury issued a superseding indictment, narrowing the charges against Defendant to a single

14  count of 21 U.S.C. §841 (Possession with Intent to Distribute Methamphetamine (one count))

15  pertaining to the methamphetamine in June 2016.

16      This discovery dispute regarding Defendant obtaining the unredacted version of the

17  Alabama affidavit has been long-running.  On May 24, 2018, Defendant made a motion to

18  compel discovery pertaining to Alabama discovery.  (Doc. 69.)  That motion was denied on

19  August 22, 2018, without prejudice. (Doc. 83.)  Thereafter, the redacted version of the Alabama

20  affidavit was produced to Defendant, but Defendant continued to request an unredacted version.

21  (See e.g., Doc. 97, 111.) In the meantime, the superseding indictment was filed on September 3,

22  2020 and Defendant was arraigned on September 17, 2020.  In a status hearing on September 30,

23  2020, the Court noted that the scope of the superseding indictment was narrowed to the events of

24  June 16, 2016, and to the drugs on that date.  (Doc. 111.)  The government advised Defendant that

25  the Alabama seizures, which were the subject of the Alabama affidavit, happened prior to any

26  evidence the government had of Defendant's involvement, and the government would not be

27  offering any of the drugs or events surrounding Alabama as evidence in Defendant's case.  (Doc.

28  111.)  The government again provided a copy of the redacted Alabama affidavit.  (Doc. 112.) The

Alabama Wiretap was, and continues to be, filed under seal in Alabama, and the disclosure of the Alabama Wiretap was subject to an attorneys-eyes only protective order. The redactions in the affidavit related to information provided by confidential informants who cooperated with the government's investigation.

## II. Overview of the Motions

### A. Plaintiff's Moving Papers

Plaintiff seeks to renew his motions filed on August 26, 2019 and on May 19, 2018 for all discovery of Fresno Affidavit and unredacted discovery of Alabama Title III affidavit in support of the Alabama wiretap.  Defendant is charged in a superseding indictment with one count of violation of 21 U.S.C. §841(a)(1)-possession with intent to distribute methamphetamine. Defendant states he is entitled to discovery of any written or recorded statement by Defendant and any portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation.  (Doc. 179, p. 2 of 22; Doc. 181 "request to renew motions to compel discovery of Alabama for reconsideration.")  Defendant requests the following: Alabama discovery material, Alabama Brady material, Alabama Bill of Particulars, Alabama wiretap evidence, CD's from Alabama, Alabama wiretap authorization, Alabama sealing instructions, pertinent order from Alabama, search and seizure warrant from Alabama. (Doc. 181, p.4 of 5.)

### B. Defendant's Opposition

Defendant has previously raised these two motions for discovery, and they should be denied for the same reasons they were denied previously.  Defendant has previously demanded "Alabama Discovery material" (Doc. 69, p.2.)  In opposing the prior motion, the government stated that the Alabama wiretap contained information related to confidential informants.  Since the Magistrate Judge did not have authority to rule on the disclosure of confidential informants (Doc. 79), the motion was set before the District Judge, who denied the request for unredacted Alabama discovery.  (Doc. 83.)

Defendant requested general discovery in August 2019.  At a status conference on September 10, 2019, the Court and the parties discussed Defendant's requests.  The Court ordered

1  the government to provided certain materials to Defendant in hard copy.  (Doc. 108.)  The

2  government filed a brief stating what documents the government had provided in discovery.

3  (Doc. 109.)  Discovery was again addressed on October 2, 2019. During that hearing, the Court

4  noted that the case had been narrowed to the events surrounding June 16, 2016 and that drug

5  seizures in Alabama pre-dated Hood's involvement. (Doc. 111.) The government indicated that

6  such seizures would not be offered against Hood at trial. (Doc. 111.)  The United States agreed to

7  produce again a redacted copy of the Alabama affidavit at the next status conference. (Doc. 111.)

8  Two weeks later, the United States provided the redacted copy. (Doc. 112.)

9         In Defendant's current motions, he seeks: (1) unredacted copy of the Alabama affidavit,

10  (2) Hood's oral post arrest statements pursuant to Rule 16(a)(1)(A), and (3) Hood's written and

11  recorded statement pursuant to Rule 16(a)(1)(B).  Defendant has made each of these requests in

12  earlier motions.  The Alabama Discovery Motion restates the prior broad discovery requests

13  related to Alabama.  (Doc. 181.) There's no compelling argument for the Court to revisit its prior

14  rulings.  In a motion for reconsideration, the motion may be granted where the Court: (1)

15  presented with newly discovered evidence, (2) committed clear error or the initial decision was

16  manifestly unjust, or (3) if there is an intervening change in controlling law," or in a few other

17  "highly unusual circumstances."

18         Hood made three requests for his oral post arrest statements, his recorded statement and

19  for an unredacted copy of the Alabama affidavit.  The government has already provided the oral

20  post arrest and recorded statements.  He cannot overcome the informant's privilege for the

21  Alabama affidavit.  He requests broad categories with the word "Alabama," yet does not explain

22  why the material is needed under Rule 16 or Brady.  The government has produced "Alabama"

23  discovery of the initial investigation, including reports and the redacted Alabama affidavit.  The

24  existing discovery already contains material related to "Alabama," both the initial investigation

25  (for example, reports concerning the lead to investigators in this District and the Alabama

26  affidavit) and in Hood and Ormond's efforts to ship drugs there. (Doc. 186, p.4.) Defendant does

27  not show why he needs further information.  The superseding indictment has narrowed this case

28  to a single charge based on Hood's conduct in California in June 2016.

C.    **Defendant's Reply**

Defendant argues he is entitled to see the unredacted and unsealed discovery from Alabama, just as the attorneys who had represented him in this case where permitted to view. (Doc. 190.) He is not barred from the unredacted and unsealed discovery of Alabama because a defendant chooses to represent himself. Under *Brady*, he has a right to obtain discovery that is material to support his innocence.  He argues that he is entitled to investigate an "informant."

Defendant's prior motion was denied without prejudice.  He was represented when the prior motion was denied.  Now, he represents himself and needs the information for preparation of his defense.  The government states the investigators in Alabama learned that the source of drugs was within this district and contacted investigators here.  Investigators here obtained Title III wiretaps for defendant Ormond, and Defendant was intercepted on the calls and having drug related conversations.  The Alabama informant was the person who informed the Alabama investigators about drugs in this district, which lead to Defendant.

Defendant acknowledges that the Court informed him that the case has been narrowed, and the government would not offer any Alabama seizures against Defendant.  (See Doc. 111.) Defendant states he is entitled under Rule 16 to any statements, investigations, confidential witness, etc. in the possession, custody or control of the government to prepare for his defense.

III.    **Discussion**

Information regarding informants not testifying at trial is generally privileged and thus not subject to discovery. *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957). In *Roviaro*, the Supreme Court held that the government was not required to produce the identity of a confidential government informant. *Roviaro,* 353 U.S. 53, 77 S.Ct. 623. The Court explained that "[t]he purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59, 77 S.Ct. 623.  The Ninth Circuit has recognized the government's "strong interest in protecting the valuable resources of the informant in drug investigations." *United States v. Sai Keung Wong*, 886 F.2d 252, 257 (9th Cir. 1989). The

5

1   Ninth Circuit has also recognized that disclosure of information pertaining to narcotics informants

2   can place the informants in great physical danger. See, e.g., *United States v. Hernandez*, 608 F.2d

3   741, 745 (9th Cir 1979) ("It is no secret that informers whose identities are disclosed prior to trial

4   are often 'among the missing' when the trial date finally arrives").

5         The defendant bears the burden of showing a need for disclosure. *United States v. Wong*,

6   886 F.2d 252, 256 (9th Cir.1989) (The mere suspicion that information will prove helpful is

7   insufficient to require disclosure.) This Court finds that Defendant has not met his burden of

8   demonstrating a need for disclosure. Defendant has not shown more than a mere suspicion that

9   disclosure of the informant would be helpful to his case, and at this juncture, Defendant is not

10   charged with conduct to which an informant was a percipient witness.

11         Rule 16 does not authorize the discovery of any information whatsoever, so long as it is

12   not privileged; rather, it authorizes discovery of certain specifically enumerated information.

13   Most relevant here is information, when requested by a defendant, that is in the government's

14   possession and "material to preparing the defense." Fed. R.Crim. P. 16(a) (1)(E)(i). The United

15   States Supreme Court has held that materials sought for reasons unrelated to responding to the

16   government's case in chief are not material to preparing the defense. *United States v. Armstrong*,

17   517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (employing shield and sword

18   metaphor in denying defendant's discovery request for information relating to his selective

19   prosecution claim because that claim, a "sword" claim, is challenging the prosecution's conduct

20   of the case); see also *United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (citing *Armstrong*,

21   denying discovery request to bolster "sword claims" not relevant to defending against

22   government's case in chief on theft and conversion). The Supreme Court has interpreted "material

23   to preparing the defense" to solely involve "defendant's response to the Government's case in

24   chief;" that is, to refute the government's arguments that the defendant committed the crime

25   charged. *Armstrong*, 517 U.S. at 456.

26         The drug seizures in Alabama are not material to preparing a defense in this case.  The

27   Government has stipulated that it will not be offering any of the Alabama drug seizures as

28   evidence in this case.  (Doc. 111.) The government stated those seizures would not be offered at

trial or be considered relevant conduct.  (Doc. 111.)  Indeed, the scope of the case has been narrowed to the events on June 16, 2016 and the drugs that were allegedly delivered by Defendant and on his person.  Any counts from the original Indictment involving a conspiracy, which arguably involved events in Alabama, were dismissed on October 5, 2020.  (Doc. 175.)  The Court fails to see, and Defendant fails to argue, how any of the Alabama information has anything to do with whether Defendant was transporting methamphetamine in June 2016.

Defendant argues that he needs to investigate the informant.  But such investigation is not material to rebutting the charges in this case, and therefore not discoverable, because the events in Alabama will not be presented in this case.

To the extent Defendant wishes to investigate the informant so that Defendant may present a motion to suppress, Defendant is not entitled to discovery for that purpose.[1]  Bolstering a motion to suppress is not relevant to defending against the government's case in chief and does not entitle defendant to discovery.  *U.S. v. Hunt*, 2013 WL 5279075, *1 (E.D.Cal. 2013).  Due Process does not require the disclosure of an informant's identity for a suppression hearing. *United States v. Raddatz*, 447 U.S. 667, 679, 100 S. Ct. 2406, 2414, 65 L. Ed. 2d 424 (1980); see *United States v. Napier*, 436 F.3d 1133 (9th Cir. 2006) (defendant was not entitled to unseal attachment to search warrant affidavit to meet preliminary showing requirement for *Franks* hearing.)

Defendant also requests discovery of any written or recorded statement by Defendant and any portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation.  The government represents that is has provided the oral post arrest and recorded statements.  The Docket reflects that the government has provided recorded and oral statements to defendant in multiple formats, multiple times.

///

---

[1] The Court is speculating that a suppression motion is the desired purpose.  See prior filings of motions to suppress: (Doc. 85 (Motion to Suppress), 116 (Motion to Suppress), 117 (Motion to Suppress), 178 (Motion to Renew Motion to Suppress).)

1

**IV.     Conclusion and Order**

2          For the foregoing reasons, Defendant's motion requesting to renew Defendant's motion

3  for discovery for reconsideration (Doc. 179), and motion to renew motion to compel

4  government's discovery of Alabama, unsealed and unredacted. (Doc. 181) are DENIED.

5

6  IT IS SO ORDERED.

7     Dated:   __December 29, 2020__          ___/s/ *Barbara A. McAuliffe*___

8                                        UNITED STATES MAGISTRATE JUDGE