UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESLIE HOOD,<br><br>Defendant. | No. 1:17-cr-00040-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S <u>MOTIONS FOR TRIAL SUBPOENAS</u><br><br>(Doc. Nos. 160) |
|---|---|

Defendant Leslie Hood, is proceeding *pro se* in this criminal prosecution with standby counsel. On August 3, 2020, defendant Hood filed an *ex parte* motion seeking the issuance of trial subpoenas for certain witnesses and evidence. (Doc. Nos. 160.)

This is the third such motion filed by defendant Hood. Previously, on May 11, 2020 he filed a one-page motion seeking the issuance of six blank trial subpoenas, citing his Sixth Amendment right to confront the witnesses against him and to compulsory process in order to obtain the presence of witnesses in his favor. (Doc. No. 149.) That motion did not identify the witnesses he wished to serve with trial subpoenas nor did it address the necessity of any such witnesses' presence at trial for the presentation of an adequate defense. (*Id*.) Thereafter, on June 2, 2020, defendant Hood submitted a second motion for subpoenas essentially repeating the contents of his first motion, adding only a representation that the unidentified individuals he wished to subpoena to his trial were "key witnesses." (Doc. No. 151.) On June 9, 2020, the court

1

issued an order denying those two motions submitted by defendant without prejudice and pointed out the deficiencies with defendant's motions under Rule 17(b) and case law interpreting that rule. (Doc. No. 152.)

Thereafter, on August 3, 2020, defendant Hood filed a renewed *ex parte*[1] request for trial subpoenas under Rule 17(b), this time specifically seeking the issuance of: (1) a trial subpoena for one Ellis Mashburn, an inmate being held on death row at the Alabama State Prison in Holman, AL who law enforcement authorities identified as the user of a cell phone that was the subject of a federal wiretap authorization which lead to the discovery of telephone conversations between Mashburn and a person identified as defendant Hood discussing the distribution of methamphetamine in Alabama (Doc. No. 160 at 3); (2) a trial subpoena for an unidentified manager of a Federal Express Shipping Center who apparently identified for law enforcement officers certain parcels shipped by defendant after the officers observed defendant enter the Shipping Center (*Id*. at 5); and a trial subpoena calling for the production of photos of persons who resemble defendant for defendant's use at trial (*Id*. at 6). Defendant Hood contends that Mr. Mashburn is a key witness for the defense at trial because, if called, Mashburn would testify that he does not know defendant Hood and has never met or conversed with him. (*Id*. at 4.) As to the Federal Express manager and the photos, defendant Hood apparently seeks the issuance of trial subpoenas in an attempt to call into question the government's evidence identifying defendant as the sender of parcels containing methamphetamine.

The background of this case, as well as the applicable law, has been set forth in the court's June 2, 2020 order denying defendant's request for trial subpoenas without prejudice and will not be repeated here. (Doc. No. 152.) One significant change since the issuance of that order, however, is the charge now pending against defendant. Originally, defendant Hood was charged in three counts with: Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine between January 15, 2016 through June 29, 2016, in violation of 21 U.S.C. §§

---

[1] Although labeled "*ex parte"* the motion was filed by defendant on the public docket and it was therefore served on the government, despite the instructions provided in the court's June 9, 2020 order.

841, 846; Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841; and Use of a Communication Facility to Facilitate a Drug Trafficking Offense in violation of 21 U.S.C. § 843(b). (Doc. No. 1.) However, on September 3, 2020, a superseding indictment was returned charging defendant Hood in a single count with possession with the intent to distribute methamphetamine between June 13, 2016 and June 16, 2016, thus streamlining the case against the defendant significantly. (Doc. No. 163.)

At numerous pretrial hearings since defendant's filing of his renewed motion for the issuance of trial subpoenas pursuant to Rule 17(b), the court has discussed that request with the parties and pointed out to defendant Hood that with respect to an unnamed and unidentified Federal Express Shipping Center manager and for photos of people resembling himself, his request was still deficient and not the appropriate subject of a Rule 17(b) subpoena.[2] (*See* Doc. Nos. 162, 175, 176, 189, 198, and 203.) Moreover, defendant's request for the issuance of a trial subpoena for the appearance of Mr. Mashburn at defendant's trial has been discussed several times. The government's position is that in light of the limited nature of the charge now pending against defendant Hood, there is no need for trial testimony by Mr. Mashburn since no testimony he could offer would be relevant to the now pending charge. Rather, the government argues that identification of who defendant Hood intended to distribute methamphetamine to on the specific dates in question are irrelevant because all the government must prove is that the defendant possessed the charged amount of methamphetamine on the dates in question with the intent to distribute it. Although provided several opportunities to do so, defendant Hood has been unable to articulate any theory of the defense which would make Mr. Mashburn a necessary witness for the presentation of an adequate defense. This is particularly true in light of the limited nature of the charge upon which defendant Hood is now proceeding to trial.

The court concludes that defendant Hood has failed to establish the necessity of the appearance of any of the requested witnesses at trial for the presentation of an adequate defense as required under Rule 17(b). *See United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009);

---

[2] The court also noted that these might be appropriate avenues for defense investigation.

3

*see also United States v. Ponzo*, 733 Fed. App'x. 353, 355 (9th Cir. 2018)[3] ("Ponzo failed to carry his burden of showing the necessity of the deputy's testimony, particularly because he was able to provide his version of the relevant events in his sentencing papers and during sentencing.") (citing Fed. R. Crim. P 17(b)); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). Accordingly, defendant's motion for trial subpoenas (Doc. No. 160) is denied without prejudice.[4]

IT IS SO ORDERED.

Dated: **May 21, 2021**      /s/ Dale A. Drozd
 UNITED STATES DISTRICT JUDGE

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[4] The court notes that this case was scheduled for a jury trial to commence on May 25, 2021. However, at defendant Hood's request, on May 4, 2021, that trial date was vacated. (Doc. No. 203.) The case is currently scheduled for a Status Conference and Trial Setting on June 14, 2021, before the undersigned. (*Id.*)

4