UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>LESLIE HOOD,<br><br>   Defendant. | No. 1:17-cr-00040-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION OBJECTING TO RECORDED STATEMENTS OBTAINED BY WIRETAP<br><br>(Doc. Nos. 234) |

Defendant Leslie Hood, is proceeding *pro se* in this criminal prosecution with standby counsel. On December 6, 2021, defendant Hood filed a motion objecting to the admission into evidence at trial of statements purportedly made by defendant Hood and his co-defendant in this case[1] which were obtained pursuant to a court authorized wiretap. (Doc. No. 234.) In that motion, defendant contends that the recordings should not be admitted because the government can present no reliable witness identifying his voice on the recordings and because Federal Rule of Evidence 801(d)(2)(E) cannot be relied upon as to alleged co-conspirator statements because defendant Hood is no longer charged in a conspiracy count. (*Id.*)

At the trial confirmation hearing in this case on December 13, 2021, the court heard some argument addressing this defense motion *in limine*. However, because the government had not

---

[1] Co-defendant Richard Jack Ormond pled guilty pursuant to a plea agreement, was sentenced and his case is closed. (*See* Doc. Nos 62, 66.)

1

then had the allowed time to file opposition to the motion, the court provided the government that opportunity.  On December 15, 2021, the government filed its opposition to the motion.   Having considered the parties arguments and for the reasons explained below, defendant Hood's motion to exclude recorded statements from evidence (Doc. No. 234) will be denied without prejudice to appropriate defense objection at trial.

In opposing defendant Hood's motion *in limine* the government asserts that it will meet its burden of authentication at trial by calling a law enforcement witness to identify defendant's voice on recordings based upon the agent's familiarity with defendant's voice from listening to his calls and participating in an interview of defendant and by also corroborating information regarding defendant's actions being consistent with statements made on the recorded calls.  (Doc. 238 at 3-4.)  If the witness so testifies, the government will have met its burden with respect to authentication.  *See United States v. Ortiz*, 776 F.3d 1042, 1044–45 (9th Cir. 2015) (In making a prima facie showing that the voice on a recording is the defendant's "[l]ay opinion ... is permissible so long as the witness testifying has [the] requisite familiarity with the speaker" and the opinion must be "based on hearing the voice at any time under circumstances that connect it with the alleged speaker," noting that "Rule 901(b)(5) establishes a low threshold for voice identifications" and that an identifying witness need only be "minimally familiar with the voice he identifies."); *United States v. Diaz*, 649 Fed. Appx. 373, 382 (9th Cir. 2016)[2]; *United States v. Gadson*, 763 F.3d 1189, 1204 (9th Cir. 2015) ("Where the government offers a tape recording of the defendant's voice, it must also make a *prima facie* case that the voice on the tape is in fact the defendant's, whether by means of a witness who recognizes the voice or by other extrinsic evidence. [citation omitted]. Once the offering party meets this burden, 'the probative value of the evidence is a matter for the jury.' [citation omitted]"; *see also Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification.").

/////

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Accordingly, defendant's motion *in limine* in this regard will be denied at this time without prejudice to his objection at trial should the government fail to establish an adequate foundation for the anticipated witness testimony.

Defendant Hood also seeks to exclude from evidence at trial the recorded conversations purportedly between himself and co-defendant Ormand on the grounds that the evidence is inadmissible hearsay. Defendant's arguments in this regard are not persuasive. First, recorded statements properly authenticated and attributed to defendant Hood are not hearsay. Federal Rule of Evidence 801(d)(2)(A); *United States v. Dominguez*, 641 Fed. Appx. 738, 741 (9th Cir. 2016) ("Dominguez's statements were admissible as statements 'offered against an opposing party,' Fed. R. Evid. 801(d)(2)(A), and the witness's statements were admissible to provide context for Dominguez's statements, *id.* 801(c).").[3] Second, as to any objection to the admission of the wiretap recorded statements of co-defendant Ormand on the ground that defendant Hood is no longer charged with engaging in an unlawful conspiracy, the Ninth Circuit has stated:

> Manning argues that because he was not charged with conspiracy, the exception is inapplicable.
>
> "A coconspirator's statement is admissible upon proof that it was made in furtherance of a conspiracy, notwithstanding the fact that the indictment does not contain a conspiracy count. The question is merely whether there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." *United States v. Layton*, 855 F.2d 1388, 1398 (9th Cir.1988) (internal quotations and citations omitted), *cert. denied*, 489 U.S. 1046, 109 S. Ct. 1178, 103 L.Ed.2d 244 (1989). Here, sufficient evidence existed to show that Manning and Ross were both involved in [an unlawful act]. The statements were therefore admissible.

*United States v. Manning*, 56 F.3d 1188, 1197 (9th Cir. 1995); *see also United States v. Lloyd*, 807 F.3d 1128, 1161 (9th Cir. 2015); *United States v. Fries*, 781 F.3d 1137, 1151 (9th Cir. 2015); *United States v. Gonzalez*, 715 F.2d 1411, 1412 (9th Cir. 1983) ("It is clear that statements of a co-defendant are admissible even in the absence of a conspiracy count where there is independent evidence of a concert of action."). Thus, as long as the government establishes at trial by a preponderance of the evidence that a conspiracy or joint venture existed when the statements

---

[3] See fn. 1, above

were made, the defendant had knowledge of and participated in the conspiracy or joint venture and the statements in question were made in furtherance of the conspiracy or joint venture, the wiretap recorded statements of co-defendant Ormond are not hearsay and would be appropriately admitted under Federal Rule of Evidence 801(d)(2)(E).  *See United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000) (citing *Bourjally v. United States*, 483 U.S. 171, 175 (1987)).[4]

For the reasons explained above, defendant Hood's motion to exclude wiretap recorded statements (Doc. No. 234) is denied at this time without prejudice to defense objection at trial in the event the government fails to present evidence properly authenticating any recording or fails to present evidence sufficient to make any required preliminary showing as outlined above.

IT IS SO ORDERED.

Dated:  **December 29, 2021**          /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE

---

[4] Finally, wiretap recorded statements made by co-defendant Ormond may be properly admitted to provide context to other statements made by the defendant because:

> "[a] witness making statements to provide clarification and context for other statements is not offering evidence for the truth of the matter asserted, and such testimony does not run afoul of any hearsay prohibition. *See United States v. Collicott*, 92 F.3d 973, 981 n. 7 (9th Cir.1996); *see also United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir.1985) (no error where informant's recorded statements were only offered "to show that they were made," and to put the statements in context, rather than for their truth).

*Gadson*, 763 F.3d at 1212; *see also Dominguez*, 641 Fed. Appx. 738, 741 (witness's statements were admissible under Rule 801(c) to provide context for the defendant's statements).